**Kamel ALI, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

**No. 05–6580–AG.**

United States Court of Appeals,
Second Circuit.

Nov. 16, 2006.

---

38

Visuvanathan Rudrakumaran, New York, NY, for Petitioner.

Kenneth L. Wainstein, United States Attorney for the District of Columbia, Madelyn E. Johnson, Assistant United States Attorney, Washington, DC, for Respondent.

Present: GUIDO CALABRESI, BARRINGTON D. PARKER and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Kamel Ali, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") William F. Jankun's decision denying his applications for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). Here, the BIA disagreed with some of the IJ's reasoning, but agreed with the his ultimate decision, supplementing it in parts. Thus, for the sake of completeness, we consider both the IJ's and BIA's decisions. *See Wangchuck v. DHS,* 448 F.3d 524, 528 (2d. Cir.2006) (where the BIA's decision closely tracks but does not "adopt" the IJ's decision, the Court may review both the IJ's and BIA's decisions where doing so will not affect the Court's ultimate conclusion). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, the Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158–60 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confi-

dently predicted that the IJ would adhere to the decision were the case remanded). The Court reviews *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Remand is required in this case because the BIA's conclusion that Ali was ineligible for asylum from and withholding of removal to Iraq was not supported by substantial evidence. As a preliminary matter, the BIA erred in considering Ali's application for asylum from Iraq because the IJ never considered that claim. In any appeal pending with the BIA on or after September 25, 2002, the BIA is expressly prohibited from engaging in independent fact-finding other than "taking administrative notice of commonly known facts such as current events or the contents of official documents." 8 C.F.R. §§ 1003. 1(d)(3)(iv), 1003.3(f); *see also Xian Tuan Ye v. DHS,* 446 F.3d 289, 296 (2d Cir.2006). Here, the IJ found that Ali was ineligible to apply for asylum from Iraq because he erroneously concluded that Ali had resettled in Kuwait. The BIA properly disagreed with the IJ's firm resettlement finding. Having done so, however, the appropriate course was to remand the case to the IJ for a new hearing on Ali's application for asylum from Iraq.

Even if the BIA had not erred in considering Ali's application for asylum from Iraq, its finding was not supported by substantial evidence. The sum total of the BIA's reason for denying Ali's application is as follows:

> Saddam Hussein and his Ba'thists have been forced from power following a military invasion led by the United States. It follows that the respondent can no longer fear the Ba'thist regime. Additionally, to the extent that the respondent expresses a fear of the violence evident in post-Hussein Iraq today, a fear of generalized violence and civil unrest in one's country does not establish a particularized threat of persecution on account of a protected ground that is required to establish an asylum claim. Finally, although the respondent's fear of returning to Iraq as a Kurd with former residence in Kuwait may be subjectively genuine, the respondent has not established that his fears are objectively reasonable.

This conclusory statement is insufficient to permit meaningful review. *See Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 338 (2d Cir.2006).

■ The BIA further erred in affirming the IJ's denial of Ali's claim for withholding of removal to Kuwait because neither the BIA's nor the IJ's decisions were supported by substantial evidence. In rejecting Ali's claim of past persecution in Kuwait, the BIA noted his testimony that he had been "slapped and kicked, and detained for several hours while being beaten." However, without further explanation, the BIA went on to state that this "mistreatment" did not "rise to the level of past persecution." This conclusion is inconsistent with the law of this Circuit. *See Beskovic v. Gonzales,* 467 F.3d 223, 225–26 (2d Cir.2006).

■ Moreover, the BIA's and IJ's conclusion that Ali did not establish eligibility for withholding of removal to Kuwait is also grounded in an apparent misunderstanding of the facts. Both the IJ and the BIA based their denials of Ali's withholding claim in substantial part on their erroneous belief that Ali's family remained in Kuwait without incident. The IJ's decision stated, "considering that [Ali's] mother, father, and brother are not being persecuted in Kuwait, it is evident that the Respondent cannot satisfy the weighty burden of establishing a clear probability

of persecution if he was returned to Kuwait." The BIA similarly found that the continued presence of Ali's family in Kuwait "greatly reduces the reasonableness of the respondent's fear that he would suffer persecution if removed to Kuwait." It is not improper for the agency to consider an applicant's claim of a well-founded fear of persecution diminished where family members remain in his native country. *See Melgar de Torres v. Reno,* 191 F.3d 307, 313 (2d Cir.1999). However, in this case, Ali informed the IJ that his parents had left Kuwait prior to the IJ's decision, stating in an affidavit submitted to the Immigration Court, "[m]y parents live in Jordan."[1] Despite this affidavit, the IJ's decision stated that Ali's "parents and a younger brother still live in Kuwait." The BIA adopted the IJ's erroneous finding, stating that "the respondent's parents and brother continued to live in Kuwait at the time of the hearing without any apparent harm."

The BIA's and IJ's mistaken belief that Ali had family remaining in Kuwait was not a harmless error insofar as both explicitly relied on that belief in reaching their decisions. As such, this is not a case where "it is clear that the agency would adhere to its prior decision in the absence of error." *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 161 (2d Cir.2006).

For the foregoing reasons, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request

for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

1. It is unclear from the record when Ali's younger brother left Kuwait. Based on Ali's brief to the BIA, however, it is clear that none of his family remained in Kuwait at the time of that appeal.